```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FREDERICK DILLON,                   :    12 Civ. 6746 (LAP)
                                    :
              Plaintiff,            :    MEMORANDUM AND ORDER
                                    :
       - v. -                       :
                                    :
CITY OF NEW YORK and                :
OFFICER JOHNSON,                    :
                                    :
              Defendants.           :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/13

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff Frederick Dillon ("Plaintiff"), proceeding pro se, brought this action against the City of New York and Officer Johnson (collectively, "Defendants") under 42 U.S.C. § 1983 relating to his incarceration in the George R. Vierno Center (the "GRVC") at Rikers Island. Plaintiff alleges that Defendants subjected him to cruel and unusual punishment by depriving him of medical care, shower access, access to toothpaste, and recreation time. Defendants have moved to dismiss the entire complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). For the reasons discussed below, the Court GRANTS Defendants' motion [dkt. no. 18], but dismisses the Complaint without prejudice.

I.   BACKGROUND

On September 5, 2012, Plaintiff filed a complaint against the City of New York, "Recreation," and "Officer Johnson #18921." ("Complaint" or "Compl.") [dkt. no. 2].

In the Complaint, Plaintiff alleges that the named defendants subjected him to cruel and unusual punishment based on the following allegations of deprivation. (See Compl. § II.D.)  First, Plaintiff alleges that on the morning of August 19, 2012, Plaintiff asked Officer Johnson for the opportunity to shower but Officer Johnson denied him the opportunity to shower because an inmate in a nearby cell had died and inmate movement in the GRVC was therefore restricted. (See id.)  Second, Plaintiff alleges that he then asked Officer Johnson for some toothpaste, but Officer Johnson did not give Plaintiff toothpaste. (See id.)  Third, Plaintiff alleges that he was not brought to the recreation area that morning because, as Officer Johnson informed Plaintiff, inmate movement at the GVRC was temporarily restricted due to the aforementioned death. (See id.)  Plaintiff alleges that such temporary shut downs have occurred "many time[s]" but does not further describe past shut downs. (See id.)  Last, Plaintiff alleges that "sick call hasn't been coming to treat me for my sickness." (See id.)

On October 3, 2012, Judge George B. Daniels dismissed

Plaintiff's claims against Recreation because Recreation is not a suable entity.  (See Order of Service.)

II.  DISCUSSION

   A.   Legal Standard

In assessing a motion to dismiss under Rule 12(b)(6), a court must accept all non-conclusory factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  To survive the motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Under this standard, a pleading offering only "labels and conclusions" or "a formalistic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Where a litigant proceeds pro se, the Court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest."  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787,

3

790 (2d Cir. 1994)).  This applies with particular force when the plaintiff's civil rights are at issue.  See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  Still, to survive a motion to dismiss, a pro se plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

    B.    Eighth Amendment Claims[1]

Claims of prison deprivations implicate the Eighth Amendment's prohibition against cruel and unusual punishment, which applies to the States through the Due Process Clause of the Fourteenth Amendment.  See Wilson v. Seiter, 501 U.S. 294, 296-97 (1991).  The Eighth Amendment "does not mandate comfortable prisons."  Rhodes v. Chapman, 452 U.S. 337, 349 (1981); see also Anderson v. Coughlin, 757 F.2d 33, 35 (2d Cir. 1985) ("[C]onditions that are restrictive and even harsh are part of the penalty that criminal offenders pay for their offenses against society.").  However, conditions of confinement may inflict cruel and unusual punishment when a prisoner is

---

[1] Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, which "itself creates no substantive rights" as "it provides only a procedure for redress for the deprivation of rights established elsewhere."  Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993); see also Zherka v. Amicone, 634 F.3d 642, 644 (2d Cir. 2011) ("To state a claim under Section 1983, a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights.").

4

seriously deprived of basic human needs such as adequate food, clothing, shelter, and medical care.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

To succeed in showing that a prison condition amounted to cruel and unusual punishment as prohibited by the Eighth Amendment, a plaintiff must satisfy both an objective test and a subjective test.  See Farmer, 511 U.S. at 834.  For the reasons discussed below, each of Plaintiff's claims fails to meet either of these tests.

### 1. Medical Needs

Plaintiff alleges that "sick call hasn't been coming to treat me for my sickness."  (See Compl. § II.D.)  To prevail on an Eighth Amendment claim based on the denial of medical care, a prisoner must prove defendants' "deliberate indifference to [the prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 103 (1976).

#### i. Objective Test

"The circumstances which courts in this circuit have found to satisfy the objective seriousness requirement have generally entailed a needlessly prolonged period of extreme pain or the inexplicable failure to treat a life-threatening or life-altering illness." Vogelfang v. Capra, 889 F. Supp. 2d 489, 506 (S.D.N.Y. 2012).  Thus, a "sufficiently serious" medical need is "a condition of urgency, one that may produce death,

5

degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (internal quotation and citation omitted). "It is well established that more than minor discomfort or injury is required in order for a plaintiff to demonstrate a serious medical need." Evering v. Rielly, No. 98 Civ. 6718(DAB), 2001 WL 1150318, at *9 (S.D.N.Y. Sept. 28, 2001). A delay in medical treatment giving rise to an Eighth Amendment claim must demonstrate "a serious risk of health or safety, to a life-threatening or fast-degenerating condition or to some other condition of extreme pain that might be alleviated through reasonably prompt treatment." Evans v. Manos, 336 F. Supp. 2d 255, 262 (W.D.N.Y. 2004).

Plaintiff's claims of an unspecified delay in treatment for a malady not described falls short of showing a serious medical need under the objective test. Indeed, Plaintiff makes no allegations as to the duration, seriousness, or even the very nature of his sickness. (See Compl. § II.D.) Further, Plaintiff makes no allegations as to whether he requested treatment and he does not describe any measure of injury, pain, or discomfort suffered as a result of his not being treated. (See id.) Accordingly, Plaintiff fails to state a claim for deliberate indifference to a serious medical need under the objective test and thus, his claims here are dismissed. See Vogelfang, 889 F. Supp. 2d at 506; Selah v. N.Y.S. DOCS Comm'r,

No. 04 Civ. 3273(DC), 2006 WL 2051402, at *5 (S.D.N.Y. July 25, 2006) (dismissing vague allegations about an unspecified mental illness because those allegations were "insufficient to rise to the level of a constitutional violation for failure to provide medical care"); Patterson v. City of N.Y., No. 11 Civ. 7976(DLC), 2012 WL 3264354, at *6 (S.D.N.Y. Aug. 9, 2012).

    ii. Subjective Test

 Even assuming Plaintiff's allegations here satisfied the objective test, which they do not, they would still be dismissed because, for the reasons discussed immediately below, they fail to satisfy the subjective test.

 Under the subjective test, a plaintiff must show that the official was aware of plaintiff's serious medical needs and consciously disregarded a substantial risk of serious harm. See Hathaway, 37 F.3d at 66. The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation omitted).

 Here, Plaintiff fails to make any allegations that Defendants were aware of his sickness let alone that they were aware of a substantial risk of serious harm to him. (See Compl. § II.D.) Thus, Plaintiff's allegations are dismissed because he fails to state an Eighth Amendment claim under the subjective

7

test. See Brunskill v. Cnty. of Suffolk, No. 11 Civ. 586(SJF), 2012 WL 2921180, at *4 (E.D.N.Y. July 11, 2012) (dismissing claim where "plaintiff has not alleged that [defendants were] aware of facts from which one could infer that a substantial risk of serious harm existed or that they drew that inference . . . . [T]he allegations in the complaint only suggest that the officials were not aware of any substantial risk of serious harm[.]").

    2.    Recreation Time

Plaintiff alleges that he was denied access to recreation time on the morning of August 19, 2012. (See Compl. § II.D.) Plaintiff further alleges that the condition leading to the alleged deprivation, namely that the GRVC was "shut down," has occurred "many time[s]." (See id.) Because exercise is one of the basic human needs protected by the Eighth Amendment, a plaintiff may prevail on an Eighth Amendment claim for deprivation of exercise by alleging that defendants were deliberately indifferent to a sufficiently serious deprivation of exercise. See, e.g., Davidson v. Coughlin, 968 F. Supp. 121, 129 (S.D.N.Y. 1997).

    i.    Objective Test

For Plaintiff to show an unconstitutional condition of confinement under the objective test, the "deprivation alleged must be, objectively, sufficiently serious" and "result in the

8

denial of the minimal civilized measure of life's necessities." See id.

Both the Supreme Court and the Court of Appeals have held that the right to exercise is a basic human need protected by the Eighth Amendment.  See, e.g., Wilson, 501 U.S. at 304-05; Williams v. Greifinger, 97 F.3d 699, 704 (2d Cir. 1996). "Although a prisoner may satisfy the objective component of the Eighth Amendment test by showing that he was denied meaningful exercise for a substantial period of time, temporary denials of exercise may be constitutional."  Davidson, 968 F. Supp. at 129. Thus, "[s]poradic infringement of the right to exercise does not rise to the level of . . . a constitutional deprivation." Gamble v. City of N.Y. ex rel. N.Y.C. Dep't of Corr., No. 04 Civ. 10203(TPG), 2009 WL 3097239, at *5 (S.D.N.Y. Sept. 25, 2009).  Courts have held that deprivation of exercise for periods as long as fourteen days does not violate the Eighth Amendment.  See Davidson, 968 F. Supp. at 129-30.  Where an inmate alleges deprivation of exercise for an unspecified period, "there is no basis on which the Court could plausibly conclude that [the inmate] was . . . deprived [of exercise] for 'a substantial period of time.'"  Vogelfang, 889 F. Supp. 2d at 505 (quoting Davidson, 968 F. Supp. at 129).

If construed as a deprivation of exercise for one morning, Plaintiff's allegations about his deprivation of exercise

9

plainly do not rise to the level of an objective Eighth Amendment violation and therefore must be dismissed.  See Davidson, 968 F. Supp. at 129-30 (deprivation of exercise for fourteen consecutive days did not violate Eighth Amendment). Construing Plaintiff's allegations liberally, the Court reads the Complaint to suggest that the alleged deprivation of exercise occurred "many time[s]."  (See Compl. § II.D.)  Still, such vague and unadorned allegations must be dismissed because there is no basis on which the Court could plausibly conclude that Plaintiff was deprived of exercise for a substantial period of time.  See Vogelfang, 889 F. Supp. 2d at 505.  Indeed, the Court has already dismissed another complaint filed by Plaintiff for this reason.  See Dillon v. City of N.Y., No. 12 Civ. 3872(LAP), slip op. at 5-7 (S.D.N.Y. June 24, 2013). Accordingly, Plaintiff's claims of deprivation of recreation time are dismissed.

                ii.   Subjective Test

Even assuming Plaintiff's allegations here satisfied the objective test, which they do not, they would still be dismissed because, for the reasons discussed immediately below, they fail to satisfy the subjective test.

The subjective test requires a plaintiff to show that the defendants imposed the alleged conditions with deliberate indifference.  See Farmer, 511 U.S. at 834.  "[A] prison

official does not act in a deliberately indifferent manner unless that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Hathaway, 37 F.3d at 66 (quoting Farmer, 511 U.S. at 837).

   Here, Plaintiff does not plausibly allege Defendants' deliberate indifference to an excessive risk to his health or safety.  Indeed, Plaintiff makes no allegations regarding the alleged deprivation's risk to his health or safety.  (See Compl. § II.D.)  Accordingly, Plaintiff also fails to allege that Defendants knew of an excessive risk to his health or safety and deliberately disregarded it.  Because Plaintiff's allegations fail to satisfy the subjective test, his claims are dismissed. See Farmer, 511 U.S. at 837; see also Blood v. Green, No. 07 Civ. 351(GTS)(DEP), 2013 WL 2250370, at *11 (N.D.N.Y. May 22, 2013) (adopting report and recommendation that recommended granting motion for summary judgment and stated "[w]ith respect to the subjective element, there is not a single piece of evidence in the record before the court to suggest that defendant . . . knew of, and disregarded, a risk to plaintiff's safety by allegedly denying him recreation for, at most, one week.").

3.  Access to Shower and Toothpaste

Plaintiff alleges that he was denied access to a shower and toothpaste on the morning of August 19, 2012.  (See Compl. § II.D.)  Plaintiff further alleges that the condition leading to the alleged deprivation, namely that the GRVC was "shut down," has occurred "many time[s]."  (See id.)  To succeed on an Eighth Amendment claim based on a deprivation relating to an inmate's personal hygiene, a plaintiff must show that the conditions were "sufficiently serious under an objective standard, such that they resulted in the denial of the minimal civilized measure of life's necessities" and that prison officials "kn[ew] of and disregarded an excessive risk to inmate health or safety."  McCoy v. Goord, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) (internal quotations omitted).

i.  Objective Test

Failure to provide inmates with access to showers or toiletries may give rise to an Eighth Amendment violation.  See Atkins v. Cnty. of Orange, 372 F. Supp. 2d 377, 406 (S.D.N.Y. 2005) (noting that failure to regularly provide prisoners with toiletries including soap, razors, combs, toothpaste, and toilet paper constitutes a denial of personal hygiene and sanitary living conditions in violation of the Eighth Amendment); McCoy, 255 F. Supp. 2d at 260.  Despite this, "[c]ourts are extremely reluctant . . . to find constitutional violations based on

12

temporary deprivations of personal hygiene and grooming items." Myers v. City of N.Y., No. 11 Civ. 8525(PAE), 2012 WL 3776707, at *8 (S.D.N.Y. Aug. 29, 2012) (alteration in original) (quoting Benjamin v. Fraser, 161 F. Supp. 2d 151, 175-76 (S.D.N.Y. 2001)), aff'd, No. 12-4032 (2d Cir. July 16, 2013) (summary order).  Indeed, courts have held deprivation of access to showers and deprivation of access to toiletries for two weeks insufficient to state an Eighth Amendment claim.  See McCoy, 255 F. Supp. 2d at 260 (two-week suspension of shower privileges failed to rise to an objective deprivation of inmate's "basic hygienic needs"); Cruz v. Jackson, No. 94 Civ. 2600(RWS), 1997 WL 45348, at *7 (S.D.N.Y. Feb. 5, 1997) (same and collecting cases); Trammell v. Keane, 338 F.3d 155, 165 (2d Cir. 2003) (deprivation of toiletries for two weeks does not rise to the level of a constitutional violation).

If construed as a deprivation of access to shower and toothpaste for one morning, Plaintiff's allegations plainly do not rise to the level of an objective Eighth Amendment violation, and therefore must be dismissed.  See McCoy, 255 F. Supp. 2d at 260; Trammell, 338 F.3d at 165.  Construing Plaintiff's allegations liberally, the Court reads the Complaint to suggest that the alleged deprivation of access to shower and toothpaste occurred "many time[s]."  (See Compl. § II.D.) Still, such vague and unadorned allegations must be dismissed

because there is no basis on which the Court could plausibly conclude that Plaintiff was deprived of shower and toothpaste for a substantial period of time.  See Banks v. Argo, No. 11 Civ. 4222(LAP), 2012 WL 4471585, at *4 (S.D.N.Y. Sept. 25, 2012) ("Plaintiff does not specify how long he was denied the right to shower or claim he had no other means of cleaning himself.  As a result, Plaintiff's threadbare allegation must fail.").  Accordingly, Plaintiff's claims of deprivation of recreation time are dismissed.

           ii.   Subjective Test

Even assuming Plaintiff's allegations here satisfied the objective test, which they do not, they would still be dismissed because, for the reasons discussed immediately below, they fail to satisfy the subjective test.

The subjective test requires a plaintiff to show that the defendants imposed the alleged conditions with deliberate indifference.  See Farmer, 511 U.S. at 834.  "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Hathaway, 37 F.3d at 66 (quoting Farmer, 511 U.S. at 837).

14

Here, and for the same reason discussed above at Part II.B.2.ii, Plaintiff does not plausibly allege Defendants' deliberate indifference to an excessive risk to his health or safety.  Indeed, Plaintiff makes no allegations regarding the alleged deprivations' risk to his health or safety.  (See Compl. § II.D.)  Accordingly, Plaintiff also fails to allege that Defendants knew of an excessive risk to his health or safety and deliberately disregarded it.  Because Plaintiff's allegations fail to satisfy the subjective test, his claims are dismissed. See Farmer, 511 U.S. at 837.

    C.   Prejudice

As explained above, a pro se complaint must be liberally construed.  See McPherson, 174 F.3d at 280.  While a district court has no obligation to grant leave to amend where such leave has not been requested, see Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011), a pro se complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of th[at] complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).  Still, an opportunity to amend is not required where any amendment would be futile.  See id. (affirming dismissal of pro se complaint without leave to replead because "the problem with [plaintiff's]

15

causes of action is substantive" and therefore, "better pleading will not cure it.").

Plaintiff has not requested leave to amend if Defendants' motion is granted. Nevertheless, at this stage, none of Plaintiff's claims is so facially deficient that "better pleading will not cure" it. See Cuoco, 222 F.3d at 112. As explained above, Plaintiff's claims of deprivation of recreation time, shower access, and toothpaste fail to allege sufficiently serious deprivations and Defendants' deliberate indifference. However, specificity as to the duration of the deprivations and allegations as to Defendants' state of mind could potentially cure those claims. Accordingly, they are dismissed without prejudice. See id. Similarly, Plaintiff's claims of deprivation of medical treatment are dismissed due to their lack of specificity. Accordingly, those claims are dismissed without prejudice because it is possible that Plaintiff can replead them with the requisite factual support necessary to sustain his claims. See id.; see also Cruz, 1997 WL 45348, at *6 ("[Plaintiff] has not described at all the condition for which he was denied medical treatment. Thus, he has not alleged a condition that was 'sufficiently serious' to invoke Eighth Amendment scrutiny of the alleged failure to provide treatment. Accordingly, [his] Eighth Amendment claim for denial of medical

treatment will be dismissed, <u>with leave to replead</u>.") (emphasis added).

III. CONCLUSION[2]

For the forgoing reasons, Defendants' motion [dkt. no. 18] is GRANTED. The Complaint dismissed in its entirety without prejudice.

Plaintiff is hereby granted leave to amend his complaint. The amended complaint must (1) cure the deficiencies as detailed in this order, (2) be submitted to the Court within sixty days of the date of this order, and (3) bear the same docket number as this order. An Amended Civil Rights Complaint form, which Plaintiff should complete as specified above, shall be sent to Plaintiff with this order. If Plaintiff fails to comply with the Court's directive and cannot show good cause to excuse such failure, the Court will dismiss this case with prejudice for failure to state a claim upon which relief may be granted.

---

[2] Because Plaintiff's claims fail on the merits, the Court does not address all grounds set forth in Defendant's motion to dismiss.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         July 17, 2013

                                    /s/ Loretta A. Preska
                                    LORETTA A. PRESKA
                                    Chief United States District Judge